```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

JAMES LEE HALDERMAN,            )
                                )
               Plaintiff,       )
                                )
                                )   Case No. CIV-21-347-KEW
                                )
COMMISSIONER OF THE SOCIAL      )
SECURITY ADMINISTRATION,        )
                                )
               Defendant.       )
```

**OPINION AND ORDER**

Plaintiff James Lee Halderman (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. The Claimant appeals the Commissioner's decision, asserting that the Administrative Law Judge ("ALJ") incorrectly determined he was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

**Claimant's Background**

The Claimant was forty-one (41) at the time of the ALJ's decision. He has a high school education and has worked in the past as a cashier, office assistant, plumber, and security officer. The Claimant alleges this inability to work began March 24, 2011. He claims his inability to work stems from post-traumatic stress

1

disorder, social anxiety, bipolar disorder, and degenerative joint disease.

## Procedural History

On April 25, 2019, the Claimant applied for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. The Claimant's application was initially denied and was denied on reconsideration. The Claimant filed a request for a hearing, which was held on February 3, 2021. ALJ Holly Hansen held the hearing telephonically due to COVID-19. On February 17, 2021, ALJ Hansen entered an unfavorable decision. The Claimant requested review by the Appeals Council and the Council denied such request on October 6, 2021. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ followed the five-step sequential process that the social security regulations use to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] At step two, the ALJ found

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the

that the Claimant had the following severe impairments: status post left knee arthroscopic procedure with residuals, chronic obstructive pulmonary disease (COPD), right carpal tunnel syndrome, thoracic spondylosis, depression, anxiety, post-traumatic stress disorder (PTSD) and bipolar disorder. (Tr. 31). At step four, the ALJ determined that the Claimant had the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except the claimant can occasionally kneel, stoop, crouch, and crawl. He can occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds. He can frequently handle and finger on the right. He can never be exposed to concentrated exposure of pulmonary irritants such as gases or fumes. He can never be exposed to extreme heat. He can perform simple, routine and repetitive work with occasional interaction with supervisors and coworkers, but no interaction with the general public.

(Tr. 34). The ALJ then concluded that this RFC would not have allowed the Claimant to return to his past relevant work through the date last insured. (Tr. 38). The ALJ then proceeded to step five and found that considering the Claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that

---

residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

the Claimant could have performed. (Tr. 38) Thus, the ALJ found that the Claimant had not been under a disability since April 25, 2019. (Tr. 39).

## Errors Alleged for Review

The Claimant only asserts one error on appeal. The Claimant contends that the ALJ failed to properly evaluate the medical source opinion of Dr. Lynelle Lynn, PSYD. The Claimant believes that due to this error, the decision of the ALJ must be reversed and remanded.

## Social Security Law and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).

Judicial review of the Commissioner's final determination is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020). Substantial evidence is "more than a

scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means — and means only — 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01. The Commissioner's decision will stand, even if a court might have reached a different conclusion, as long as it is supported by substantial evidence. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

### Medical Opinion Analysis

The Claimant believes that the ALJ's analysis of Dr. Lynn's opinion was insufficient. He also asserts that the ALJ's reasoning for denying Dr. Lynn's opinion were not legitimate and she failed to address the relevant factors. The Commissioner maintains that the ALJ did comply with the regulations and her decision is supported by substantial evidence. For the reasons discussed below, the Court agrees with the Claimant.

The Claimant applied for benefits on or after March 27, 2017, meaning that the medical opinion evidence is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under these new standards the ALJ does not "defer or give specific evidentiary weight. . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520(c)(a). An ALJ considers medical opinions utilizing five factors: (1) supportability, (2) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The ALJ must utilize these factors when determining how persuasive he finds the medical opinions and prior administrative medical findings. 20 C.F.R. §§ 404.1520c(b), 416.920c(b).

Generally, when examining medical opinions, the ALJ must only specifically explain how he considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b). However, if the ALJ finds "that two or more medical opinions or

6

prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability"). If he rejects an opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

In this case, the ALJ failed to adequately explain how she considered the supportability and consistency factors when she considered Dr. Lynn's opinion. The ALJ found Dr. Lynn's opinion partially persuasive, providing the following explanation:

> The undersigned finds Dr. Lynn's opinion partially persuasive to the extent it supports moderate limitations in mental functioning. The finding that the claimant could remember and carry out one to two step instructions is consistent with the record. However, the

> opinion overstates the claimant's remaining functional limitations (Ex. 11F/6). Dr. Lynn's own exam showed memory, concentration, judgment and insight were adequate for simple, routine and repetitive work (Ex. 11F/5).

(Tr. 37). This explanation fails to properly address the supportability and consistency factors. The ALJ merely generally stated that Dr. Lynn's opinion overstated the Claimant's limitations and that her report did not support more restrictive limitations. (Tr. 37). But the ALJ fails to point to any specific evidence that counteracts Dr. Lynn's findings and fails to adequately address how her opinion was inconsistent and unsupported. The ALJ's vague statements are not enough to support her decision to disregard Dr. Lynn's more severe limitations.[2]

The Commissioner believes that the ALJ did properly evaluate Dr. Lynn's opinion. First, the Commissioner argues that the ALJ need not give any special consideration to the treating physician's opinion. This is true and the Claimant even admits as such. But the Commissioner also implies that the ALJ need not give specific and legitimate reasons for rejecting the medical opinion. This is not true.[3] While the ALJ need not discuss every factor, they still must explain how they considered the supportability and consistency factors, which as discussed above, the ALJ failed to

---

[2] While the ALJ states that she found Dr. Lynn's opinion "partially persuasive" she does not include any of her suggested limitations.
[3] The Commissioner relies on *Woods v. Kijakazi,* 32 F.4th 785 (9th Cir. 2022) to support this assertion, which is not binding on this Court.

8

do. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b).

Second, the Commissioner argues that the ALJ did consider the relevant factors. In support of the supportability factor, the Commissioner relies on the ALJ's finding that Dr. Lynn's own opinion does not support her suggestion for greater mental limitations. (Tr. 37). But this statement only focuses on the portion of Dr. Lynn's opinion that supports the ALJ's findings. It ignores other parts of the record that support Dr. Lynn's findings regarding more restrictive mental limitations.[4] In support of the consistency factor, the Commissioner relies on the ALJ's statement that Dr. Lynn's opinion "overstates the [C]laimant's remaining functional limitations." (Tr. 37). But the ALJ cites to no other medical evidence in the record to counteract Dr. Lynn's opinion. While the Commissioner does cite to specific evidence in the record in their brief and provide explanations that they believe support the ALJ's findings, the ALJ did not provide these explanations herself. Therefore, this Court cannot adopt these post-hoc explanations to support her findings. *Haga*, 482 F.3d at 1207-08.

Because the ALJ failed to properly assess Dr. Lynn's opinion and provide explanations for the lack of supportability and

---

[4] Later in her report, Dr. Lynn states that the Claimant cannot maintain effective social interaction, cannot deal with normal pressures in a competitive work environment, and cannot sustain concentration. (Tr. 421). These findings were based on Dr. Lynn's observations and the Claimant's reported history. (Tr. 420). During this interview Dr. Lynn noted that she observed that the Claimant was anxious and had issues with recent memory recall. (Tr. 420).

consistency, the decision of the Commissioner should be reversed, and the case remanded to the ALJ for further analysis of the medical opinion.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court, in accordance with the fourth sentence of 42 U.S.C. 405(g), the ruling of the Commissioner of the Social Security Administration should be and is REVERSED and the case is REMANDED for further proceedings consistent with the Opinion and Order.

IT IS SO ORDERED this 10th day of April, 2023

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE